<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1767V
(not to be published)

| | |
|---|---|
| REGINALD L. ADAMS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 9, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Phyllis Lile-King*, The Lile-King Firm, Greensboro, NC, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On November 16, 2018, Reginald L. Adams ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered shoulder injuries related to vaccine administration as a result of a pneumococcal conjugate vaccine received on November 9, 2017. (Petition at 1). On January 4, 2021, a decision was issued awarding compensation based on the parties' stipulation. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 30, 2020 (ECF No. 40), requesting a total award of $39,544.57 (representing $38,431.26 in fees and $1,113.31 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 41). Respondent reacted to the motion on January 13, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. (ECF No. 45). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner is requesting the following rates for his attorney Phyllis Lile-King: $400 per hour for time billed through August 2018, and $425 per hour for time billed from September 2018 – September 2020. (ECF No. 40-3 at 1). Ms. Lile-King has been a licensed attorney since 1992, placing her in the range of attorneys with 20 – 30 years' experience based on the OSM Attorney Fees Rate Schedule. Although the requested rates are within the appropriate experience ranges, Ms. Lile-King does not have demonstrated Vaccine Act experience, with this matter being her first Program case. It is therefore improper for Ms. Lile-King to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $375 per hour for time billed in 2018, $390 per hour for time billed in 2019, and $410 per hour for time billed in 2020. This reduces the amount to be awarded in fees by **$3,210.21**.[3] Ms. Lile-King will be entitled to rate increases in the future as she demonstrates more experience in Vaccine Program cases.

### B. Paralegal Tasks at Attorney Rates

I also find it necessary to reduce Ms. Lile-King's requested hours for time billed on paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs*., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health &

---

[3] This amount is calculated as follows; ($400 - $375 = $25 x 10.338 hrs = $258.45) + ($425 - $375 = $50 x 15.1834 hrs = $759.17) + ($425 - $390 = $35 x 61 hrs = $2,135) + ($425 - $410 = $15 x 3.8396 hrs = $57.59) = $3,210.21.

*Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of these tasks include the following:
- April 24, 2018 (2.0 hrs) "Medical records requests";
- November 16, 2018 (5.0667 hrs) "Edits, attach exhibits, review rules, revise, file and serve";
- May 6, 2019 (0.68 hrs) "Requested vaccine record from Centra, requested update records from Centra Rehab"; and
- June 24, 2019 (12.50 hrs) "letters to Truitte, Bland Fam Med, Cone Fam Pract, Centra med for vaccine record."

(ECF No. 40-3 at 1).[4]

Ms. Lile-King is eligible to be reimbursed for this time – but only at a paralegal rate. I therefore reduce her rate for such work to $145 per hour for the above listed entries. This reduces the fees to be awarded by **$5,082.00.**[5]

## ATTORNEY COSTS

Petitioner requests $1,113.31 in overall costs. (ECF No. 40-4). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, medical records and shipping costs. I find the majority of these costs reasonable, with the exception of the $281.00 charge associated with "U.S. Court of Federal Claims" and the $5.00 charge associated with the North Carolina "Cert good standing." Costs associated with admission to the Court of Federal Claims are not reimbursable in the Vaccine Program, and the requests for these fees is denied.

Additionally, several requested costs do not have supporting documentation. These include the following transactions:

- August 5, 2018 "USPS" - $8.50;

---

[4] These are examples and not an exhaustive list.

[5] This amount is calculated as follows ($375 - $145 = $230 x 7.4667 hrs = $1,717.34) + ($390 - $145 = $245 x 13.7333 hrs = $3,364.66) = $5,082.00.

4

- August 6, 2019 "USPS" $7.00.

Because such costs have not been substantiated, I am required to deny their award. Total costs to be awarded are thus reduced by the sum of **$301.50.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$30,950.60** (representing $30,138.79 in fees, and $811.81 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.